IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark Thomas, | Case No. 6:16-cv-03736-BHH-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| City of Mauldin; Michael E. Lambert, *individually*; Joseph E. Phillips, *individually*, | |
| Defendants. | |

This matter is before the Court on Defendants' motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] [Doc. 25.] Plaintiff alleges claims under the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). [Doc. 1-1 at 11–14.] Additionally, Plaintiff alleges state law claims for tortious invasion of privacy by intrusion, publication, and negligence. [*Id.* at 15–18.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff filed this action on October 26, 2016, in the Greenville Court of Common Pleas. [Doc. 1-1.] Defendants removed the action to this Court on November 28, 2016. [Doc. 1.] On March 1, 2017, Defendants filed a motion for partial judgment on the pleadings, seeking to dismiss Defendants Michael E. Lambert ("Lambert") and Joseph E.

---

[1] Defendants title the motion a motion to dismiss [*see* Doc. 25]; however, the motion is brought under Rule 12(c) of the Federal Rules of Civil Procedure, motion for judgment on the pleadings.

Phillips ("Phillips") and to dismiss Plaintiff's third, fourth, and fifth causes of action—claims of tortious invasion of privacy by intrusion, publication, and negligence. [Doc. 25.] On March 15, 2017, Plaintiff filed a response in opposition [Doc. 26], to which Defendants replied on March 30, 2017 [Doc. 28]. Accordingly, the motion is now ripe for review.

## BACKGROUND

Plaintiff was employed as an equipment operator for Defendant City of Mauldin ("the City") beginning on or about May 2011. [Doc. 1-1 ¶ 6.] Plaintiff was diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD") in March 2014. [*Id.* ¶ 7.] Plaintiff has sought counseling and medication therapy for his condition. [*Id.*] Plaintiff's disability affects his concentration. [*Id.*]

On or about June 24, 2015, Plaintiff was accused of being at fault in a work-related accident. [*Id.* ¶ 11.] Plaintiff was required to submit to a drug test because of his involvement in the accident. [*Id.*] Plaintiff completed the drug test and, at the test, disclosed his prescription for Adderall. [*Id.* ¶ 12.] Plaintiff tested positive for amphetamines. [*Id.*] The supervisor at the testing site instructed Plaintiff that he would receive a copy of the results and that a copy of the results would be sent to the City's Human Resources department. [*Id.*]

Upon Plaintiff's return to work, his immediate supervisor, Phillips, asked for a copy of the test results. [*Id.* ¶ 13.] Phillips required Plaintiff to leave his copy of the results with Phillips. [*Id.*] Lambert, the City's Director of Public Works, demanded that he be provided a copy of Plaintiff's prescription. [Doc. 1-1 ¶ 14.] Plaintiff explained that his prescription was collected by the pharmacy when the prescription issued, and Lambert agreed to accept a copy of the prescription bottle in lieu of the prescription. [*Id.*] Lambert was not in his

office when Plaintiff returned with the prescription bottle, and Plaintiff was instructed to leave a copy of his prescription with Lambert's secretary, Laura Holmberg ("Holmberg"). [*Id.*]

Since delivering his prescription to Lambert, Plaintiff states that he experienced increased harassment. [*Id.* ¶ 15.] Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2015. [*Id.* ¶ 16.] On or about July 27, 2016, the EEOC issued a notice of right to sue. [*Id.* ¶ 17.] Plaintiff continues to work for the City but he has been transferred to several new positions, and most recently—on August 8, 2016—he was transferred to the sewer division to serve as a garbage collector. [*Id.* ¶¶ 6, 16, 18.]

Plaintiff injured his back at work on August 2, 2016. [*Id.* ¶ 19.] Plaintiff informed his supervisor he was injured, filled out a leave notice, and left work one hour early. [*Id.*] The following day, Plaintiff received a text from his supervisor informing him that he could not return to work without a doctor's note. [*Id.*] Plaintiff reported to his doctor on or about August 3, 2016, and Plaintiff was placed on leave until August 8, 2016. [*Id.* ¶ 20.] He returned to work on August 8, 2016, and was placed on light duty. [*Id.*] That same day, Plaintiff was written up for failing to turn in a trip log and Plaintiff was then sent to the City's doctor for reevaluation. [*Id.*] The City's doctor placed Plaintiff out of work through August 15, 2016, when Plaintiff returned to work on light duty. [*Id.* ¶ 21.] Defendant then denied having any light duty work available for Plaintiff. [*Id.* ¶¶ 21, 23.] Following physical therapy, Plaintiff was released to full duty on October 18, 2016. [*Id.* ¶ 23.] The following day, Plaintiff worked on a trash truck throwing bags of grass clippings before needing to take the rest of the week off due to back pain. [*Id.*]

Plaintiff alleges that Defendants did not inform him of his FMLA rights; however, he became aware of these rights from his doctor, and he subsequently submitted a written request to Defendants. [*Id.* ¶ 22.]

## APPLICABLE LAW

**Judgment on the Pleadings Standard**

Federal Rules of Civil Procedure Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Courts follow a fairly restrictive standard in ruling on Rule 12(c) motions, as hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Pellegrin v. Berthelson*, C/A No. 9:11-cv-00125-DCN, 2012 WL 10847, at *1 (D.S.C. Jan. 3, 2012) (internal quotation marks and citation omitted). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." *Herbert Abstract Co., Inc., v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). A "motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010). "When considering a motion for judgment on the pleadings, the court may consider the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, MDL

No. 2333, Nos. 2:12-mn-00001, 2:12-cv-02269-DCN, 2013 WL 3207423, at *2 (D.S.C. June 24, 2013) (internal quotation marks and citations omitted); cf. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record. We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (internal quotation marks and citations omitted)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,

6

the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendants' motion for partial judgment on the pleadings seeks to dismiss Lambert and Phillips, asserting that these Defendants are entitled to immunity under the South Carolina Tort Claims Act ("SCTCA"), and seeks to dismiss Plaintiff's third, fourth, and fifth causes of action—invasion of privacy, publication, and negligence claims. [Doc. 25 at 2–9.] Plaintiff responds that Defendants' Rule 12(c) motion for judgment on the pleadings is truly a Rule 56 motion for summary judgment, and because discovery was ongoing at the time the motion was filed, the Rule 12(c) motion should be denied as premature. [Doc. 26 at 5–13.]

**SCTCA Immunity**

The SCTCA grants immunity to governmental employees acting within the scope of their employment unless the conduct constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. S.C. Code Ann. 15-78-70(a), (b); *see Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (holding "a state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment"); *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (noting that an employee of a government entity is personally liable for a tort, only when the employee's conduct falls within the exceptions listed in §

7

15-78-70(b)); *Antley v. Shepherd*, 532 S.E.2d 294, 299 (S.C. Ct. App. 2000) (holding that a governmental manager was not personally liable for discharge in violation of public policy when he was acting within the scope of his duties). "The provisions of [the SCTCA] establishing limitations on and exemptions to the liability of the State, its political subdivisions, and employees, while acting within the scope of official duty, must be liberally construed in favor of limiting the liability of the State." S.C. Code Ann. § 15-78-20(f).

Here, the determination of whether Lambert and Phillips were acting within the scope of their employment and whether forcing Plaintiff to provide them with confidential health information constitutes an intent to harm are facts in dispute. Plaintiff alleges that Lambert and Phillips intentionally forced Plaintiff to provide them personal health information, causing that information to be published to persons unauthorized to receive the information and resulting in harm to Plaintiff. Because Plaintiff has sufficiently pleaded that this conduct was committed by Defendants within the scope of their employment, and discovery was ongoing at the time the instant motion was filed, the undersigned recommends denying the portion of Defendants' motion for judgment on the pleadings seeking to dismiss Lambert and Phillips.

**Privacy Claims**

In his third and fourth causes of action, Plaintiff asserts privacy claims. [Doc. 1-1 at 15–17.] Under the rubric of invasion of privacy, South Carolina recognizes (1) wrongful intrusion into private affairs and (2) wrongful publicizing of private affairs.[2] *Rycroft v. Gaddy*, 314 S.E.2d 39 (S.C. Ct. App. 1984); *Wright v. Sparrow*, 381 S.E.2d 503 (S. C. Ct. App. 1989). "To prevail on an action for the wrongful intrusion into private affairs, a plaintiff must demonstrate: (1) an intrusion; (2) into that which is private; (3) which is substantial and unreasonable; (4) and intentional." *Atkinson v. House of Raeford Farms, Inc.*, C/A No. 6:09-cv-01901-JMC, 2011 WL 1526605, at *7 (D.S.C. Apr. 20, 2011) (citing *Snakenberg v. Hartford Cas. Ins. Co.,* 383 S.E.2d 2, 6 (S.C. Ct. App. 1989)). An intrusion may include watching, spying, prying, besetting, overhearing, or other similar conduct, and must relate to those aspects of a plaintiff's life which one normally expects will be free from exposure to the defendant, such as the home, family, personal relationships, and communications. *Id*. "Whether there is an intrusion is to be decided on the facts of each case." *Id*.

To constitute an invasion of privacy,

> the defendant's conduct must be of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances. The law protects normal sensibilities, not heightened sensitivity, however genuine. Whether the conduct in question meets this test is, in the first instance, a question of law for the court.

---

[2]South Carolina further recognizes the wrongful appropriation of personality, *see Sloan v. S.C. Dep't. of Pub. Safety*, 586 S.E.2d 108, 110 (S.C. 2003); however, in this case, Plaintiff brings causes of action only for wrongful intrusion and wrongful publicizing of private affairs [Doc. 1-1 at 15–17].

*Snakenberg*, 383 S.E.2d at 6 (internal citations omitted).  Further, "[w]hen a plaintiff bases an action for invasion of privacy on 'intrusion' alone, bringing forth no evidence of public disclosure, it is incumbent upon him to show a blatant and shocking disregard of his rights, and serious mental or physical injury or humiliation to himself resulting therefrom." *Rycroft*, 314 S.E.2d at 43.

Alternatively,

> [w]rongful publicizing of private affairs involves a public disclosure of private facts about the plaintiff.  The gravamen of the tort is publicity as opposed to mere publication. The defendant must intentionally disclose facts in which there is no legitimate public interest—there is no right of privacy in public matters.  Additionally, the disclosure must be such as would be highly offensive and likely to cause serious mental injury to a person of ordinary sensibilities. . . .

*Snakenberg*, 383 S.E.2d at 6.

In arguing that post-accident drug testing and the related process does not constitute an invasion of privacy, Defendants rely entirely on *Atkinson,* 2011 WL 1526605, an action decided on summary judgment.  In *Atkinson*, one of the plaintiffs brought a cause of action against Columbia Farms for invasion of privacy, alleging wrongful intrusion into private affairs.  *Id.* at * 7.  Specifically, the plaintiff alleged that Columbia Farms' nurse divulged the plaintiff's medical information to multiple employees.  *Id.*  However, because the plaintiff failed to provide evidence showing that the nurse intentionally disclosed this information directly to co-workers, or to anyone other than supervisors, this Court found the disclosure not sufficiently substantial or unreasonable to support a claim for invasion of privacy.  *Id.*

Here, Plaintiff asserts that Defendants pried into Plaintiff's personal and confidential medical records and prescriptions, causing Plaintiff mental and emotional distress. [*See* Doc. 1-1 ¶¶ 40, 41.] Thus, Plaintiff has sufficiently pled the wrongful intrusion into private affairs elements: (1) an intrusion; (2) into that which is private; (3) which is substantial and unreasonable; (4) and intentional. *See Atkinson*, 2011 WL 1526605, at * 7. Whether Defendants intentionally disclosed Plaintiff's medical information and whether this sharing was substantial and reasonable as to constitute an intrusion is a question of fact that the Court cannot determine at this juncture. Accordingly, the undersigned recommends that Defendants' motion for judgment on the pleadings as to Plaintiff's Third Cause of Action be denied. Further, because Plaintiff has sufficiently pled a claim for wrongful publicizing of private affairs [*see* Doc. 1-1 at 16] and Defendants fail to point to any cases regarding the publicizing of private affairs, the undersigned recommends that Defendants' motion for judgment on the pleadings as to Plaintiff's Fourth Cause of Action be denied.

**Negligence Claims**

In his fifth cause of action, Plaintiff asserts claims of negligence, gross negligence, negligent supervision, and negligence per se. [Doc. 1-1 at 17–18.] To establish a cause of action in negligence, the following three essential elements must be proven: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (S.C. 1996). An employer can be liable for negligent supervision of an employee when an "employee intentionally harms another" on the employer's premises and "[the employer] (i) knows or has reason to know that he has the ability to control his [employee], and (ii) knows or should know of the necessity and

opportunity for exercising such control." *Degenhart v. Knights of Columbus*, 420 S.E.2d 496–97 (S.C. 1992) (quoting Restatement (Second) of Torts § 317 (1965)). "A defendant is guilty of gross negligence if he is so indifferent to the consequences of his conduct as not to give slight care to what he is doing." *Jackson v. S.C. Dep't of Corrs.*, 390 S.E.2d 467, 468 (S.C. Ct. App. 1989). Also, under South Carolina law, violation of a regulation may also constitute negligence per se if the regulation has the force of law. *Norton v. Opening Break of Aiken, Inc.*, 443 S.E.2d 406, 408 (S.C. Ct. App. 1994) (collecting cases).

Defendants assert that Plaintiff's negligence claims are subject to dismissal for the following reasons: (1) even assuming the ADA creates a duty for tort purposes, the ADA does not preclude the City from inquiring about positive test results from a post-accident drug test; (2) for a statute to create a duty, a plaintiff must show that the essential purpose of the statute was to protect him from the kind of harm suffered; (3) if the ADA made the City's actions improper, Plaintiff is limited to the remedies provided under the ADA; (4) Plaintiff cannot bring a tort action based on a violation of provisions contained in the City's employee handbook; and (5) Plaintiff fails to allege monetary loss. [Doc. 25 at 7–9.]

Plaintiff responds that Defendants misread the claim. [Doc. 26 at 8–9.] Plaintiff does not disagree that the ADA allows post-accident drug testing; but instead, the Complaint argues that the duty and breach of confidentiality resulted from the sharing of Plaintiff's test results with persons not authorized to have access to this information and that this act was in violation of the City's policies. [*Id.*] Plaintiff further contends that whether the duty arises from the employee handbook policy or within the ADA is a question of fact. [*Id.* at 10.] Plaintiff also notes that he seeks actual, compensatory, and punitive damages. [Docs. 1-1 at 18; Doc. 26 at 13–14.]

After reviewing the pleadings and the cases set forth therein, the Court finds as follows. First, the issue raised in the Complaint is not whether the drug tests were conducted, but whether Plaintiff's test results should have been shared with Defendants and Holmberg. Second, Plaintiff has pled that his medical information should have been reviewed and handled by the MRO and, thus, the improper sharing of Plaintiff's information breached a duty of confidentiality. Third, a cause of action for negligence is available under state common law, and Plaintiff has pled such. Fourth, Defendants have not sufficiently argued that their failure to follow the handbook drug test procedures must be redressed only under contract. Finally, to the extent Defendants argue that the South Carolina Supreme Court has held that emotional harm resulting from workplace invasion of privacy or negligence may be pursued only under the South Carolina Workers' Compensation Act, because Plaintiff has pled damages other than emotional harm, Defendants' motion cannot be granted on this basis. Consequently, the undersigned recommends that Defendants' motion for judgment on the pleadings as to Plaintiff's Fifth Cause of Action be denied.[3]

---

[3]This recommendation is based on the pleadings provided to the Court thus far. Defendants have not convinced the Court that dismissal of Plaintiff's negligence claims is appropriate at this juncture. However, the Court notes that dispositive motions are due on October 15, 2017 [see Doc. 21], and Defendants may raise these arguments again with additional, more thorough briefing at that time.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion for judgment on the pleadings [Doc. 25] be DENIED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 26, 2017
Greenville, South Carolina