IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mark Thomas, | ) | Civil Action No.: 6:16-3736-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| City of Mauldin; Michael E. Lambert, *individually*; Joseph E. Phillips, *individually*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a complaint in the Court of Common Pleas of Greenville County on October 26, 2016, alleging claims under the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA") (ECF No. 1-1 at 11-14), as well as state law claims for tortious invasion of privacy by intrusion, publication and negligence (*Id.* at 15-18).

Defendants filed a notice of removal on November 28, 2016, asserting federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 1.) On March 1, 2017, Defendants filed a motion for partial judgment on the pleadings, seeking to dismiss Defendants Michael E. Lambert ("Lambert") and Joseph E. Phillips ("Phillips") and to dismiss Plaintiff's third, fourth, and fifth causes of action—claims of tortious invasion of privacy by intrusion, publication, and negligence. (ECF No. 25.) On March 15, 2017, Plaintiff filed a response in opposition, to which Defendants replied on March 30, 2017. (ECF Nos. 26 & 28.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge

Jacquelyn D. Austin, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' motion for partial judgment on the pleadings be denied. (ECF No. 29.) No objections were filed, and the time for doing so expired on October 10, 2017. For the reasons set forth herein, the Court adopts the Report and Recommendation.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no error and agrees with the Magistrate Judge's findings.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 29), denies Defendants' motion for partial judgment on the pleadings (ECF No. 25),

and remands the case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks<br>United States District Judge

Greenville, South Carolina
October 20, 2017